## Robinson v. Second Presbyterian Church.

(Decided April 26, 1921.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Landlord and Tenant—Fire Escapes—Duty to Furnish.—Under a municipal ordinance providing that every building, three or more stories high, used as a hotel, office building, theatre, lodging house,

apartment house, tenement, or for manufacturing purposes, shall
have at least one fire escape, and as many more as may be neces-
sary for safety, a landlord who leases a building for use as a pri-
vate residence is not liable in damages for a failure to erect a fire
escape thereon, unless he knows, or has knowledge of such facts
as would lead an ordinarily prudent person to believe, that the
building was being used as a lodging house.

2.  Landlord and Tenant—Fire Escapes—Failure to Erect—Know-
    ledge of Landlord that Building Was Used as Lodging House—
    Sufficiency of Evidence.—In an action by plaintiff to recover dam-
    ages for injuries alleged to have been caused by the failure of a
    church to erect a fire escape on a building which it had leased for
    use as a private residence, evidence that, on Sunday mornings and
    evenings, a number of the occupants sat out in front while persons
    were going to and from church, was not sufficient to make the
    question of knowledge on the part of the officers of the church,
    that the building was used as a lodging house, one for the jury.

L. H. HICKMAN for appellant.

BRUCE & BULLITT and GROVER G. SALES for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The Second Presbyterian Church is incorporated. It
owns a church building at the corner of Second & Broad-
way in the city of Louisville. Immediately south and ad-
joining the church, the church owns a building which was
formerly occupied as a parsonage. For some time this
building has been rented as a private residence, but used
as a boarding house. In the month of January, 1918, a
fire occurred in the building. J. M. Robinson, a boarder,
jumped to the ground and was injured. At the time of
the injury an ordinance, which is section 153 of the Build-
ing Code of the city of Louisville, provided as follows:

"Every building, three or more stories high, used as
a hotel, office building, theatre, lodging house, apartment
house, tenement, or for manufacturing purposes, shall
have at least one fire escape, and as many more as may
be necessary for safety."

Alleging that the building was three stories high, that
it was used as a lodging house with the knowledge of the
church, and that the failure of the church to provide a fire
escape for the building was the proximate cause of his in-
juries, Robinson brought this suit against the church to
recover damages.

The church defended on the following grounds: (1) It
is a charitable institution and its funds can not be divert-

ed from charitable uses in payment of damage claims. (2) The building was not a three story building. (3) It was not a lodging house. (4) The defendant had no knowledge that it was used other than as a private residence.

The trial court sustained a demurrer to the plea that the church was a charitable institution, but directed a verdict in favor of the defendant at the conclusion of the evidence for plaintiff. Plaintiff appeals.

In view of the conclusion of the court, we deem it unnecessary to decide whether the church is exempt as a charitable institution, or whether the building in question is three or more stories high, or whether the building was being used as a lodging house at the time of the accident. Clearly, the church, which had leased the building to be used as a private residence, was not liable even though the building was three stories high and was used as a lodging house, unless it knew, or had knowledge of such facts as would lead an ordinarily prudent person to believe, that the building was being used as a lodging house. The only evidence on this question was that the building was being used as a boarding house, and that, on Sunday mornings and evenings, several of the occupants would sit out in front as the people were going to and from church. Whether the officers or trustees of the church passed at such times, or whether they observed the persons sitting out in front, does not appear. Taking into consideration the fact that the building was rented for use as a private residence and had enough rooms to accomodate a large family, we conclude that the evidence relied on was not sufficient to make the question of knowledge one for the jury, and that the court did not err in directing a verdict for defendant.

Judgment affirmed.